## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JOSHUA HENRY,

        Plaintiff,

v.                                 Case No. 3:25-cv-946-MMH-LLL

BLAZIN WINGS, INC., et al.,

        Defendants.

_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Response to Court's Order Regarding Jurisdiction (Doc. 10; Response), filed October 3, 2025. On August 20, 2025, Defendant Blazin Wings, Inc.[1] filed its Notice of Removal (Doc. 1; Notice) removing this action from the Circuit Court of the Fourth Judicial Circuit in and for Clay County, Florida. <u>See generally</u> Notice. In the Notice, Blazin Wings invokes the Court's diversity jurisdiction pursuant to 28 U.S.C § 1332(a) because "there is complete diversity of citizenship between the parties" and Plaintiff Joshua Henry's pre-suit demand and future injuries show that the amount in controversy "exceeds the jurisdictional threshold[.]" <u>See</u> Notice ¶¶ 5, 9. On September 17, 2025, the Court entered a Jurisdictional Order (Doc. 8;

---

[1] Plaintiff Joshua Henry also sues another Defendant—John Doe, an unspecified manager of the Blazin Wings location where Henry's slip and fall occurred. For the purposes of determining whether this action is properly removable based upon diversity jurisdiction, the Court disregards the citizenship of the Doe defendant. <u>See</u> 28 U.S.C. § 1441(b)(1).

Order) inquiring into its subject matter jurisdiction over this case. See generally Order. In the Order, the Court found that Blazin Wings had failed to "adequately allege [its own] citizenship" and also failed to "plausibly allege that the amount in controversy exceeds the jurisdictional threshold[.]" See id. at 2, 5. Specifically, the Court noted three issues with Blazin Wings' notice: (1) Blazin Wings does "not adequately identify [its] principal place of business[,]" (2) the demand is "too vague and conclusory to be given any weight[,]" and (3) "[t]he allegations are too conclusory and lack specific supporting facts such that the Court can do no more than speculate or guess as to the amount in controversy." See id. at 4–5. Thus, the Court directed Blazin Wings "to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action." Id. at 7. On October 3, 2025, Blazin Wings filed its Response. See generally Response.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence

establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id.

Of course, in some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting Pretka, 608 F.3d at 754); see also McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1312–13 (11th Cir. 2021) (finding that although damages were unspecified, plaintiffs had sufficiently alleged injuries and expenses which,

accepted as true, were "sufficient to plead damages that exceed the $75,000 amount-in-controversy requirement"). District courts are permitted "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether" the amount in controversy is satisfied on the face of the complaint. Roe, 613 F.3d at 1061–62. Indeed, a court "need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" Id. (quoting Pretka, 608 F.3d at 770).

Here, Blazin Wings, as the party invoking the Court's jurisdiction, "bears the burden of proving that federal jurisdiction exists." See Williams, 269 F.3d at 1319. In the Order, the Court questioned the sufficiency of Blazin Wings' allegations regarding both the diversity of citizenship and amount in controversy requirements. And the Court provided Blazin Wings with an opportunity to make the necessary jurisdictional showings. Although Blazin Wings has demonstrated that there is diversity of citizenship between the parties, it failed to show that the value of Henry's claims exceeds $75,000.

With regard to the diversity of citizenship requirement, the Court finds that Henry is a citizen of Florida. See Plaintiff's Disclosure Statement Under Rule 7.1 Federal Rules of Civil Procedure, and Local Rule 3.03 (Doc. 18; Henry's Disclosure Statement), filed November 3, 2025, at 2. And Blazin Wings is a

citizen of Georgia and Minnesota.[2] See Blazin Wings, Inc.'s Disclosure Statement Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 (Doc. 13; Blazin Wings' Disclosure Statement), filed October 24, 2025, at 2; Sunbiz Report at 1. Therefore, the diversity of citizenship requirement is satisfied.

As to the amount in controversy, the Court finds that Blazin Wings has failed to meet its burden to establish that the amount in controversy exceeds $75,000. In the Complaint, Henry alleges that on August 5, 2024, he suffered injuries at a Blazin Wings restaurant due to a slip and fall. See Complaint (Doc. 4; Complaint), filed August 21, 2025, ¶ 9. According to Henry, he slipped and fell as he entered the restaurant because there was no "mat in the area" of his fall and the floor was "sufficiently slick." See id. ¶ 11. Although Henry does not specify the amount of damages he seeks, he asserts that the damages for his "permanent or continuing" injuries—including "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of ability to earn money, and aggravation of a previously existing condition"—exceed $50,000. Id. ¶¶ 1, 12. In response to the Court's

---

[2] The Court notes that although Blazin Wings says that it is incorporated in Georgia, see Blazin Wings' Disclosure Statement at 2, the incorporation document it provided shows that it is actually incorporated in Minnesota, see Exhibit A (Doc. 10-1 at 2; Sunbiz Report).

Order, Blazin Wings notes that Henry "sustained injuries to his lower back[,]" <u>see</u> Response at 3, and contends that the amount in controversy exceeds $75,000 based on Henry's "medical bills, . . . claimed future need for treatment, policy limits demand of $1.5 million, and . . . refusal to stipulate that the amount in controversy is below $75,000[,]" <u>see</u> <u>id.</u> at 7.

Beginning with Henry's medical bills and future expenses, the Court finds them to be insufficient to establish that the amount in controversy exceeds $75,000. Blazin Wings asserts that "[t]o date, [Henry's] known medical bills total to over $38,000." <u>See</u> Response at 3. And, according to the medical records attached to the Response, his medical bills appear to total $38,255.18. <u>See</u> <u>generally</u> Exhibit E (Doc. 10-5; Medical Bills). Blazin Wings contends that Henry will need "future treatment," <u>see, e.g.</u>, Response at 4, perhaps because Henry alleges that he suffered "permanent or continuing" injuries due to the slip and fall, <u>see</u> Complaint ¶ 12. However, Blazin Wings points to no evidence in support of any future medical care that might be required, much less the cost or frequency of such care. <u>See generally</u> Response. Indeed, the Medical Bills show that Henry received the bulk of his medical treatments in 2024, <u>see</u> <u>generally</u> Medical Bills, and do not reflect any medical care since May 23, 2025, <u>see</u> <u>id.</u> at 9. As such, this evidence fails to support a finding that the amount in controversy in this action exceeds $75,000.

The other evidence that Blazin Wings provides to reach the jurisdictional threshold is also insufficient. First, Henry's pre-suit demand for Blazin Wings' insurance policy limit of $1,500,000 provides no insight into the amount in controversy. "When referencing a demand letter to ascertain the amount in controversy, courts analyze 'whether demand letters merely reflect puffing and posturing or whether they provide specific information to support the plaintiff's claim for damages.'" See Boyd v. State Farm Mut. Auto. Ins. Co., No: 6:15-cv-1965-Orl-22TBS, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) (quoting Moser v. Cincinnati Ins. Co., No. 8:14-cv-3121-CEH-TWG, 2015 WL 628961, at *2 (M.D. Fla. Feb. 12, 2015)).[3] If a pre-suit demand letter provides a "reasonable assessment of the value of the claim," then it is "more indicative of the true amount in controversy," especially where the letter "contains supporting information, such as medical bills or a specific medical diagnosis." Id. (internal quotation omitted); see also Hernandez v. Burlington Coat Factory of Fla., LLC, No. 2:15-cv-403-FtM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015). In contrast, a demand for a lump sum amount "without the slightest suggestions how in the world the plaintiff[] could support a figure[]" is considered nothing more than posturing. See Jackson v. Select Portfolio

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).[4] Here, Henry's demand, which is attached to the Response as Exhibit B (Doc. 10-2; Demand), is not a letter at all but rather a February 2025 email, simply saying: "Dana, we are at policy limits. The client is in pain management. Please advise if you are willing to make an offer? Thank you." See Demand at 2.[5] Moreover, Exhibit C (Doc. 10-3; Policy) shows that Blazin Wings' insurance policy limit is $1,500,000. See generally Policy. The Demand does not contain any information to explain why $1,500,000 is a reasonable assessment of the value of Henry's claim. Instead, Henry requests a "lump sum" amount "without the slightest suggestions how in the world [he] could support [that] figure." See Jackson, 651 F. Supp. 2d at 1281. Therefore, the Demand is of no assistance in determining whether the amount in controversy in this case exceeds the jurisdictional threshold.

Next, the Court finds that Blazin Wings' contention about Henry's post-removal failure to stipulate that the amount in controversy is less than $75,000 is also insufficient. As with settlement proposals, a "refusal to stipulate to damages not exceeding the jurisdictional minimum," standing alone, "is not

---

[4] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[5] The Court finds it noteworthy that counsel refers only to pain management and provides no suggestion of any recommended future medical care.

enough to establish that the threshold amount has been met." <u>See</u> <u>Brown v. Fam. Dollar Store of Fla., LLC</u>, No. 6:19-cv-2323-Orl-78DCI, 2020 WL 13349079, at *2 (M.D. Fla. June 29, 2020) (citing <u>Williams</u>, 269 F.3d at 1320). On the record before the Court, and even in conjunction with the rest of the evidence, Henry's refusal to stipulate to the amount of damages is simply unpersuasive. Accordingly, Blazin Wings has failed to meet its burden of establishing that the amount in controversy in this action exceeds the Court's jurisdictional threshold.

In light of the foregoing, the Court determines that despite the Court's guidance and despite being given an additional opportunity to establish the amount in controversy, Blazin Wings has failed to satisfactorily establish by a preponderance of the evidence that the amount in controversy in this case exceeds § 1332(a)'s jurisdictional threshold. <u>See</u> <u>Anderson v. Wilco Life Ins. Co.</u>, 943 F.3d 917, 925 (2019) ("When the plaintiff contests or the court questions the defendant's allegation [of the amount in controversy], the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient."). As such, this action is due to be remanded to the state court in which it was filed.

Accordingly, it is

**ORDERED:**

1. This case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida.

2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

3. The Clerk of the Court is further **DIRECTED** to terminate any pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on November 21, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc36

Copies to:
Counsel of Record
Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Clay County, Florida